IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| THOMAS RICHARD PICKARD, ) | |
| LISA MARIE PICKARD, ) | Bankruptcy No. 11-01819 |
| ) | |
| Debtors. ) | |

**RULING ON MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

The matter before the Court is the Motion to Compel Production of Documents filed by Trustee, Larry Eide. Debtors resisted. The Court held a telephonic hearing. Larry Eide represented himself as Trustee. Robert Gainer represented Debtors. Michael Thibodeau represented Creditor Iowa State Bank. Timothy Van Vliet represented Interested Party United Fire Group. After hearing arguments, the Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

Trustee moves to compel production of a second appraisal report prepared by Brent Kimball. Mr. Kimball had done a previous appraisal that is key evidence in the underlying proceeding dealing with the objection of Trustee and two creditors, Iowa State Bank and United Fire Group, to Debtors' claim of homestead exemption. The Trustee and the creditors have possession of the first appraisal and will use it in the hearing on the homestead exemption. They requested production of all

appraisals on the property done by Mr. Kimball.   They have been informed that Mr. Kimball did a second appraisal at the request of Debtors.

Debtors have refused to produce the second appraisal because they contend Mr. Kimball was hired by them as a non-testifying expert to do that appraisal.   They believed the appraisal is protected by Federal Rule of Civil Procedure 26(b)(4)(B). That Rule protects from discovery material prepared by a consulting, but not testifying, expert retained by a party in anticipation of litigation.   Debtors acknowledge Mr. Kimball did a first appraisal which will be relevant to the homestead exemption proceedings.   They claim, however, that they hired Mr. Kimball after he did the first appraisal to only be a consulting expert not intended to testify for them.

The parties disagree about the reach of the consulting expert privilege in Rule 26(b)(4)(B).   The Trustee searched that the privilege applies only to a party who is not also testifying in the proceeding as a fact witness or in another capacity.   In other words, the Trustee argues that the privilege applies only to parties not testifying at all.   Debtor asserts that the privilege applies here because Mr. Kimball is testifying only as a fact witness and neither Debtor nor the other parties have named him as a testifying expert witness.   Debtors thus believe that they hired Mr. Kimball independent of his preparation of his actual participation in the first

appraisal and that they can use him as a consulting, non-testifying expert without having his report subject to additional discovery.

The Court agrees with Trustee. The limited case law on this issue indicates that a party cannot be a non-testifying, consulting expert under Rule 26(b)(4)(B) where the party will be testifying to at least some of his or her opinions and/or information. In re Asbestos Products Liability Litigation (No. VI), 256 F.R.D. 151, 156 (E.D. Pa. 2009). The Court in that case found that doctors providing key evidence on other subjects cannot also be treated as non-testifying experts. Id. (noting that once the doctors' evidence is relevant on one subject, "plaintiff's cannot claim the doctors are non-testifying" on other subjects). Because the undisputed evidence in this case reveals that Mr. Kimball's first appraisal and supporting testimony are relevant evidence likely to be admitted at hearing, he cannot also be treated as a non-testifying expert for purposes of Rule 26(b)(4)(B). Plaintiff's assertion of the non-testifying, consulting expert privilege is thus overruled.

**WHEREFORE**, the Motion to Compel Production of Documents is GRANTED.

Dated and Entered: March 7, 2012

/s/ Thad J. Collins
_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE